UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NEIL H. GITTERMAN, on his own
behalf and others similarly situated,

        Plaintiff,

v.

NY BAGEL BOYS, INC. DBA STRATHMORE BAGEL & DELI
a Florida Profit Corporation, and
PAULA B. STEUERMAN, an individual,

        Defendants.
_____/

## COMPLAINT

1. Plaintiff, NEIL H. GITTERMAN (hereinafter referred to as "Plaintiff"), was an employee of Defendants, NY BAGEL BOYS, INC. DBA STRATHMORE BAGEL & DELI, a Florida Profit Corporation, and PAULA B. STEUERMAN, an individual (collectively referred to as "Defendants"), and brings this action on behalf of himself and other current and former employees of Defendants similarly situated to him for overtime compensation and minimum wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2. Plaintiff performed non-exempt work as a laborer and related activities in Palm Beach County, Florida.

3. Plaintiff worked at Defendants' Wellington, Florida location.

4. Plaintiff was employed as a cook for Defendants at Strathmore Bagel & Deli.

5. Specifically, Plaintiff was a non-exempt employee who was responsible for cooking, food preparation, tracking inventory, cleaning, and maintaining the kitchen at Strathmore Bagel & Deli.

6. All work performed by Plaintiff during Plaintiff's working hours was for the benefit of Defendants.

7. At all times material hereto, Plaintiff and similarly situated employees were employees of Defendants within the meaning of the FLSA.

8. Plaintiff and similarly situated employees regularly handled and worked with goods and materials moved in or produced in commerce.

9. Plaintiff was employed by Defendants during the three year period preceding the filing of this lawsuit.

10. Plaintiff began his employment with Defendants on or about April 2015. Plaintiff's last date of employment was on or about November 2018.

11. Plaintiff routinely worked six (6) days weekly.

12. Plaintiff routinely worked from 4:30 AM until 2:45 PM when he worked for Defendants.

13. Plaintiff routinely worked more than forty (40) hours per week for Defendants.

14. During certain pay periods of Plaintiff's employment, Plaintiff would average twenty (20) hours of overtime.

15. Defendants failed to compensate Plaintiff for all overtime hours worked.

16. Defendants failed to properly credit Plaintiff for all hours worked.

17. Plaintiff was paid an hourly rate of $17.00.

18. Plaintiff was an hourly employee throughout the entire period of his employment.

19. When Plaintiff worked more than forty (40) hours weekly, Defendants would issue Plaintiff a W-2 check for the initial 40 hours of work time and would pay Plaintiff in cash for any hours in excess of 40 for the work week.

20. Plaintiff received straight time pay in cash for his overtime hours worked.

21. Plaintiff did not receive all of his weekly compensations on a single W-2 check.

22. Defendants did not issue Plaintiff a 1099 during the period of Plaintiff's employment.

23. NY BAGEL BOYS, INC., a Florida Profit Corporation, is a restaurant selling imported food and beverages in Palm Beach County, Florida and is within the jurisdiction of this court.

24. Defendants accept various credit cards.

25. Defendants sell gift cards to customer to obtain goods at Strathmore Bagel & Deli.

26. Defendants allow customers to place their order by phone and online for delivery.

27. NY BAGEL BOYS, INC. DBA STRATHMORE BAGEL & DELI is a deli style restaurant.

28. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint NY BAGEL BOYS, INC. was and is an enterprise engaged in interstate commerce or in the production of goods for commerce.

29. The services provided by NY BAGEL BOYS, INC. require Defendants to procure food items, beverages, supplies, and equipment outside the state of Florida.

30. The services provided by Defendants necessitated that Defendants engage in interstate commerce.

31. Plaintiff was individually engaged in commerce due to the nature of his work.

32. This action is brought to recover from Defendants overtime compensation, unpaid wages, minimum wage violation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216(b).

33. At all times material hereto, individual Defendant, PAULA B. STEUERMAN, was and/or is an individual resident of the State of Florida who owns, manages, directs, and/or operates NY BAGEL BOYS, INC. DBA STRATHMORE BAGEL & DELI and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, manage daily or weekly activities of employees, and control the finances and operations of NY BAGEL BOYS, INC. DBA

STRATHMORE BAGEL & DELI. By virtue of such control and authority, PAULA B. STEUERMAN is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. §201 et seq.

34. PAULA B. STEUERMAN interviewed and hired Plaintiff.

35. Plaintiff reported to PAULA B. STEUERMAN.

36. PAULA B. STEUERMAN was Plaintiff's manager.

37. PAULA B. STEUERMAN is the owner of NY BAGEL BOYS, INC. DBA STRATHMORE BAGEL & DELI.

38. Plaintiff repeatedly requested for Defendants to pay him at time and one-half for his overtime hours worked.

39. The additional persons who may become Plaintiffs in this action are non-exempt employees and/or former employees of Defendants who worked similar positions as Plaintiff and worked in excess of forty (40) hours in a work-week on or after May 2015, but were not properly paid for all hours worked in excess of forty (40) during one or more work weeks or current and/or former employees who were not credited for all hours worked during their employment with Defendants.

40. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) at an overtime rate of one and one-half times their regular rate of pay for all the overtime hours worked, based in part upon Defendants' custom and practice of failing to credit all overtime hours actually worked and failing to calculate and pay overtime wages accurately.

41. Based upon information and belief, the annual gross sales volume of NY BAGEL BOYS, INC. DBA STRATHMORE BAGEL & DELI was in excess of $500,000.00 per annum during the relevant time period.

42. As a result of Defendants' actions identified herein Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

43. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendants.

44. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked and compensation received by Plaintiff.

## COUNT I, RECOVERY OF OVERTIME COMPENSATION

45. Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 44 above.

46. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week.  All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

47. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

48. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay reasonable fees and costs, and pursuant to 29 U.S.C. §§216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

49. As a result of Defendants' willful violation of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

50. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, NEIL H. GITTERMAN, and those similarly situated to him who have or will opt into this action, demand judgment, jointly and severally, against Defendants, NY BAGEL BOYS, INC. DBA STRATHMORE BAGEL & DELI and PAULA B. STEUERMAN, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages in an amount equal to the overtime awarded, prejudgment interest, reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 16 day of May 2019.

Respectfully submitted,

**s/Maguene D. Cadet**
Maguene D. Cadet, Esq., FBN. 0591361
Email: Maguene@DieudonneLaw.com
Law Office of Dieudonne Cadet, P.A.
2500 Quantum Lakes Drive, Suite 203
Boynton Beach, Florida 33426
Telephone: 561-853-2212
Facsimile: 561-853-2213
Attorney for Plaintiff Neil H. Gitterman